UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TANNER COMPANIES, INC.** | **CIVIL ACTION** |
| **versus** | **No. 07-2745** |
| **RELIABLE ONSHORE SERVICES COMPANY, L.L.C. and ALLEN R. WOODARD** | **SECTION: "I"/1** |

ORDER

Before the Court is a motion to dismiss for lack of standing pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and a motion to dismiss for failure to join an indispensable party pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure filed on behalf of defendant, Allen R. Woodard ("Woodard").[1] For the following reasons, Woodard's motions are **DISMISSED WITHOUT PREJUDICE**.

BACKGROUND

On September 1, 2006, pursuant to an asset purchase agreement (the "APA"), plaintiff, Tanner Companies, Inc., ("TCI"), purchased all assets belonging to Reliable Onshore Services Company, L.L.C., ("ROSCO"), except for certain environmental assets.[2] The assets purchased by TCI included ROSCO's contracts, master service agreements, bank accounts, equipment, and all other assets not specifically excluded.[3] After executing the APA, TCI combined all

---

[1]Rec. Doc. No. 56.

[2]Rec. Doc. No. 64, p. 2.

[3]*Id.*

assets purchased from ROSCO with the existing "marine assets" utilized by its wholly owned subsidiary, Tanner Marine Company, Inc., ("TMC"), in order to expand its ability to service its customers.[4]

Pursuant to the aforementioned APA, TCI allegedly[5] also hired Woodard, ROSCO's principal member, and appointed him as TCI's Senior Vice President of Operations.[6]  While serving in that position, Woodard was responsible for all of TCI's operations and businesses in Louisiana, which included TMC as well as Tanner Construction of Louisiana.[7]

According to TCI, on April 18, 2007, Woodard, on behalf of ROSCO, unilaterally dissolved the APA and illegally repossessed all of the assets that ROSCO sold to TCI pursuant thereto.  TCI claims that on the same date, Woodard also illegally repossessed assets that belonged to TMC before the APA was executed.  On April 20, 2007, Woodard formally resigned from TCI and, thereafter, he resumed operating ROSCO's marine business.

On May 1, 2007, TCI filed a complaint for declaratory judgment requesting that this Court enter a judgment declaring that: (1) the APA and associated bill of sale remain in full force and effect and

---

[4]*Id.*

[5]The parties dispute whether Woodard was employed by TCI or by TMC.

[6]Rec. Doc. No. 64, p. 2.

[7]*Id.*

(2) the assets that ROSCO conveyed to TCI pursuant to the APA and associated bill of sale are solely owned by TCI.[8]  On July 23, 2007, TCI amended its complaint to assert causes of action against Woodard for: (1) conversion;[9] (2) tortious interference with contracts;[10] (3) breach of fiduciary duty;[11] (4) defamation, libel and/or slander;[12] and (5) accounting.[13]

On February 8, 2008, Woodard filed these motions arguing that TCI's complaint should be dismissed.  With respect to his motion to dismiss for lack of standing pursuant to Rule 12(b)(1), Woodard asserts that TCI's complaint should be dismissed because TCI is

---

[8]Rec. Doc. No. 1, p. 11, para. 22.

[9]Regarding its conversion claim, TCI asserts that Woodard wrongfully exercised or assumed authority over TCI's property and deprived TCI of that property for an indefinite period of time.  Rec. Doc. No. 39, p. 10 "COUNT 1."

[10]Concerning its tortious interference claim, TCI asserts that Woodard knew that TCI had contracts with its customers, but Woodard, nevertheless, intentionally induced TCI's employees and customers to breach those contracts and, thereafter, contract with ROSCO.  *Id*. at pp. 10-11 "COUNT 2."  TCI alleges that Woodard also tortiously interfered with the APA by failing to facilitate the performance of the parties' mutual obligations under the APA, as was his duty as an executive officer of TCI.  *Id*.

[11]With respect to its breach of fiduciary duty claims, TCI asserts that Woodard, in his capacity as an executive officer of TCI, breached his fiduciary duty and duty of loyalty owed to TCI.  *Id*. at p. 11 "COUNT 3."

[12]As for its defamation, libel and/or slander claims, TCI asserts that Woodard made false statements to TCI's employees and/or customers.  *Id*. "COUNT 4."  TCI alleges that the aforementioned statements were made without just cause, excuse or privilege, and with malice.  As a result, TCI allegedly sustained substantial damages.  *Id*.

[13]Concerning its claim for accounting, TCI alleges that it is entitled to an accounting of all revenues and profits received by Woodard or anyone acting on his behalf as a result of the wrongful conduct described in TCI's amended complaint.  *Id*. at p. 12 "COUNT 5."  TCI asserts that, at the conclusion of the aforementioned accounting, it is entitled to recovery against Woodard for all revenues, profits, and other benefits Woodard improperly obtained.  *Id*.

attempting to impermissibly pierce its own corporate veil in order to assert claims that belong to its subsidiary, TMC.[14] Regarding his motion to dismiss for failure to join an indispensable party pursuant to Rule 12(b)(7), Woodard asserts that TCI's complaint should be dismissed because TMC is a necessary and indispensable party to this lawsuit and it cannot be added as a party without destroying the Court's jurisdiction.[15]

## LAW AND ANALYSIS

### I. STANDING vs. REAL PARTY IN INTEREST

Although Woodard labels his first motion as a motion to dismiss for lack of standing pursuant to Rule 12(b)(1), the substance of that motion, as well as Woodard's arguments in connection therewith, indicate that Woodard's standing objection is a "prudential limitation"[16] that challenges TCI's status as the "real party in interest" under Rule 17(a) of the Federal Rules of

---

[14] Rec. Doc. No. 56-2, p. 3.

[15] *Id.* at p. 5.

[16] "Standing encompasses two components – constitutional and prudential." *Heaton v. Monogram Credit Card Bank of Georgia*, 408 F.Supp.2d 213, 216 (E.D. La. 2005) (Barbier, J.) (citing *Hazardous Waste Treatment Council v. U.S. Environmental Protection Agency*, 861 F.2d 277, 281 (D.C. Cir. 1988)). "Constitutional standing requires three elements: '(1) an injury in fact (2) that is fairly traceable to the actions of the defendant and (3) that likely will be redressed by a favorable decision.'" *Id.* (quoting *Nat'l Solid Waste Management Assoc. v. Pine Belt Regional Solid Waste Management Authority*, 389 F.3d 491, 498 (5th Cir. 2004)). "The prudential standing requirement is employed to 'determine whether the plaintiff is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.'" *Id.* (internal quotations omitted) (quoting *Nat'l Solid Waste Management Assoc.*, 389 F.3d at 498).

Civil Procedure.[17]  *See Ensley v. Cody Resources, Inc.*, 171 F.3d 315, 320 (5th Cir. 1999).

**A.   RULE 17(a)**

Rule 17 (a) of the Federal Rules of Civil Procedure "specifies that an action shall be prosecuted in the name of the real party in interest."  *Gogolin & Stelter v. Karn's Auto Imports, Inc.*, 886 F.2d 100, 102 (5th Cir. 1989).  "'The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery.'" *Weiburg v. GTE Southwest, Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) (quoting *Farrell Constr. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 140 (5th Cir. 1990)).  "[A] party not possessing a

---

[17]The text of Rule 17(a) reads:

(1)   *Designation in General.*  An action must be prosecuted in the name of the real party in interest.  The following may sue in their own names without joining the person for whose benefit the action is brought:
(A)   an executor;
(B)   an administrator;
(C)   a guardian;
(D)   a bailee;
(E)   a trustee of an express trust;
(F)   a party with whom or in whose name a contract has been made for another's benefit; and
(G)   a party authorized by statute.
(2)   *Action in the Name of the United States for Another's Use or Benefit.*  When a federal statute so provides, an action for another's use or benefit must be brought in the name of the United States.
(3)   *Joinder of the Real Party in Interest.*  The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.  After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

right under substantive law is not the real party in interest with respect to that right and may not assert it." *Farrell*, 896 F.2d at 140.

"A federal court sitting in diversity must look to state law to determine which party holds the substantive right." *Id*. The purpose of the real party in interest doctrine "'is to assure a defendant that a judgment will be final and that res judicata will protect it from having to twice defend an action, once against an ultimate beneficiary of a right and then against the actual holder of the substantive right.'" *Wieburg*, 272 F.3d at 306 (quoting *Farrell*, 896 F.3d at 142). It is "anticipated that real party in interest disputes should arise rarely and ought to be easily resolved." *Gogolin*, 886 F.2d at 102.

## II. RULE 12(b)(7) and RULE 19

Rule 12(b)(7) of the Federal Rules of Civil Procedure "provides for the dismissal of a case for 'failure to join a party under Rule 19.'" *Inmobiliaria Axial, S.A. de C.V. v. Robles Intern. Services, Inc.*, 2007 WL 2973483, at *2 (W.D. Tex. Oct. 11, 2007). "Federal Rule of Civil Procedure 19 provides for the joinder of parties to a lawsuit whose inclusion is necessary for the 'fair and complete resolution of the dispute at issue.'" *Id*. (quoting *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 n. 7 (5th Cir. 2003)).

"Rule 19 provides a two-step analysis for deciding whether to dismiss an action for failure to join an absent party." *Dunne v.*

*Hackett & Dunne P'Ship*, 1999 WL 147672, at *2 (E.D. La. Mar. 15, 1999). "First, Rule 19(a)[18] provides a framework for deciding whether a given person (or entity) should be joined." *Id*. "Second, if joinder is called for [pursuant to Rule 19(a)], then Rule 19(b)[19] guides the court in deciding whether the suit should be dismissed if that person cannot be joined, i.e., if the absent party is 'indispensable.'" *Id*. (quoting *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986)).

"Some courts have found that the burden is on the party raising the indispensable party defense to show that the person who

---

[18]Rule 19(a)(1) provides "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party" in two situations. First, an absent party must be joined if "in that person's absence, the court cannot accord complete relief among existing parties . . . ." Fed. R. Civ. P. 19(a)(1)(A). Second, an absent party must be joined if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B).

[19]Should it determine that joinder pursuant to Rule 19(a) is not feasible, the Court must then determine whether "in equity and good conscience[,] the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); *see Dunne*, 1999 WL 147672, at *3. Rule 19(b) sets forth four (4) factors the Court should consider when determining whether the action should proceed:
    (1)   the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
    (2)   the extent to which any prejudice could be lessened or avoided by:
        (A)   protective provisions in the judgment;
        (B)   shaping the relief; or
        (C)   other measure;
    (3)   whether a judgment rendered in the person's absence would be adequate; and
    (4)   whether the plaintiff would have an adequate remedy if the action were dismissed for non joinder.

was not joined is needed for a just adjudication." *Inmobiliaria*, 2007 WL 2973483, at *2 (citing *Am. Gen. Life and Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005); *Clinton v. Babbitt*, 180 F.3d 1081, 1088 (9th Cir. 1999); *Clark v. Kick*, 79 F.Supp.2d 747, 753 (S.D. Tex. 2000)). "However, there is also significant authority, including Fifth Circuit case law, which follows a more nuanced approach to this question of which party bears the burden of showing that a party is indispensable." *Id*. The aforementioned authority "holds that if an initial review of the facts reveals the possible existence of an indispensable party, the burden of disputing this initial review falls on the party opposing joinder." *Id*. (citing *Pulitzer*, 784 F.2d at 1309 (citing *Boles v. Greenville Hous. Auth.*, 468 F.2d 476, 478 (6th Cir. 1972)); *Cliffs Plantation Timber Farm, L.L.C. v. United States*, 2007 WL 2746789, at *4 (S.D. Miss. Sept. 19, 2007); *Dunne*, 1999 WL 147672, at *2).[20]

### DISCUSSION

The Court finds that the parties fail to provide any meaningful analysis of the real party in interest doctrine or to address the type of evidence the Court may consider in connection therewith. Moreover, even if the evidence presented by the parties was to be considered, the Court expresses doubt as to the admissibility of that evidence, considering the fact that it is primarily comprised of conclusions for which no basis of knowledge

---

[20]Considering its findings herein, the Court need not determine the proper placement of the burden of proving the indispensability of TMC.

has been established.

The Court cannot, at this time, conclusively determine whether TCI, or TMC, is the real party in interest with the authority to assert the claims presented in connection with this litigation. Accordingly, Woodard's motion to dismiss pursuant to Rule 17(a) is **DISMISSED WITHOUT PREJUDICE**.[21]

With respect to his motion to dismiss pursuant to Rule 12(b)(7), Woodard bases his argument that TMC is an indispensable party to this lawsuit on the premise that TMC is the real party in interest.[22]  In light of the fact that the real party in interest cannot be determined at this time, the Court also cannot determine whether TMC is an indispensable party to this lawsuit.  Therefore, Woodard's motion to dismiss pursuant to Rule 12(b)(7) is **DISMISSED WITHOUT PREJUDICE.**

Accordingly,

**IT IS ORDERED** the Woodard's motions to dismiss are **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, August 29, 2008.

_____
　　　　　　　　　LANCE M. AFRICK
　　　　　　UNITED STATES DISTRICT JUDGE

---

[21] The Court will reconsider the real party in interest issue upon the timely filing of a motion for summary judgment accompanied by competent and admissible summary judgment-type evidence.

[22] Rec. Doc. No. 56-2, p. 5.