UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TANNER COMPANIES, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-2745-LMA-SS** |
| **RELIABLE ONSHORE SERVICES COMPANY, LLC, et al** | |

**REPORT AND RECOMMENDATION**

The motion of the plaintiff, Cadre Services, Inc. (f.k.a Tanner Companies, Inc.) ("Cadre") for summary judgment to enforce settlement agreement (Rec. doc. 125) was referred to the assigned Magistrate Judge (Rec. doc. 139). For the reasons described below, it is recommended that the motion be granted.

On January 26, 2009 (more than a year ago), a minute entry was issued reporting a settlement. Rec. doc. 122. The case was dismissed. Rec. doc. 123. Cadre contends that the settlement papers were prepared, but there were no communications with counsel for the defendants after April 8, 2009. On February 12, 2010, the plaintiff filed the motion to enforce settlement which was noticed for April 7, 2010. Rec. doc. 125.

On April 1, 2010, the defendants, Reliable Onshore Services Company, LLC and Allen Woodward, filed an opposition. They acknowledge that the January 27, 2009 settlement letter exchanged between the parties is an agreement. They contend, however, that the settlement documents were not consistent with the settlement letter in one respect. Their memorandum states:

> [T]he Settlement Letter dated January 27, 2009 specifies that ROSCO Oilfield Services, LLC will execute the promissory note payable to Tanner Companies, Inc. in the amount of $1,401,633. However, the promissory note drafted by the plaintiff seeks to have Reliable Onshore Services Company, LLC as the Maker of the

promissory note. Notwithstanding the obvious discrepancy as between the Note and the Settlement Letter, no further draft of the Note was ever sent to the defendants.

\* \* \*

In order for the settlement documents to reflect the true nature of the Settlement Letter, the Maker of the Promissory Note would need to be stated as ROSCO Oilfield Services, LLC.

Rec. doc. 132 at 2.[1]

On April 8, 2010, Cadre filed a reply. It reports that on April 1, 2008 its counsel corrected the note to reflect that ROSCO Oilfield Services, Inc. is the maker and e-mailed it to counsel for defendants and requested the return of documents by April 6, 2010.[2] Cadre reports they were not returned. The defendants have not responded to the reply memorandum.

## **RECOMMENDATION**

IT IS RECOMMENDED that:

1. Cadre's motion for summary judgment to enforce settlement agreement (Rec. doc. 125) be GRANTED.

2. Within fourteen (14) calendar days of the entry of the order granting the motion, the defendants be required to return to Cadre: (a) executed copies of the Confidential Settlement Agreement and Mutual Release and the related documents (other than the Promissory Note) attached to Cadre's motion as Exhibit A-3 to Rebecca L. Robertson's Affidavit; and (b) an

---

[1] At the time of the settlement the defendants were represented by Richard L. Lagarde. Rec. doc. 119. The record reveals that William Watkins currently represents defendants. The opposition was filed by Randall McCann. Rec. doc. 127. It was marked deficient because the defendants were represented by another attorney. Mr. McCann filed a motions to enroll as counsel. Rec. docs. 130 and 131. They were marked as deficient because they lacked the signature of the present counsel of record.

[2] The e-mail and corrected note were not attached to the reply memorandum.

executed copy of the Promissory Note which reflects ROSCO Oilfield Services, Inc. as the maker of the note.

## **OBJECTIONS**

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 19th day of April, 2010.

**SALLY SHUSHAN**
**United States Magistrate Judge**